## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| PURE FISHING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:25-cv-11232-SAL |
| | ) |
| BIG ROCK SPORTS, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR BREACH OF CONTRACT, CLAIM AND DELIVERY, UNJUST ENRICHMENT, AND INJUNCTIVE RELIEF**

Plaintiff Pure Fishing, Inc. ("Plaintiff"), by and through undersigned counsel, respectfully submits its Complaint for Breach of Contract, Claim and Delivery, Unjust Enrichment, and Injunctive Relief.

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a leading provider of high-quality fishing tackle, lures, rods, and reels.

2. Defendant Big Rock Sports, LLC ("Big Rock") is a firearms, ammunition, fishing, marine, and camping distributor that sells to retail customers.

3. On or about May 31, 2023, Plaintiff and Big Rock (together, the "Parties") entered the 2023 Elite Distributor Agreement (the "Agreement"), with Plaintiff as "Seller" and Big Rock as "Distributor." A true and correct copy of the Agreement is attached as **Exhibit A.**

4. Plaintiff brings this action due to Big Rock's breach of the Agreement by failing to make timely payments on Plaintiff's invoices and for Big Rock's failure to return to Plaintiff the goods in which Plaintiff holds a purchase money security interest.

5. Plaintiff is a corporation organized under Iowa law with principal places of business in Columbia and Charleston, South Carolina.

6. Big Rock is a limited liability company organized under Delaware law. On information and belief, none of Big Rock's members are citizens of either Iowa or South Carolina.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Big Rock and the amount in controversy exceeds $75,000.00.

8. The Parties agreed to personal jurisdiction in the District of South Carolina and have designated this judicial district as the exclusive federal forum and venue for all disputes arising under the Agreement. *See* Exhibit A at ¶24.

9. Jurisdiction and venue in this Court are proper.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

10. Paragraph 1 of the Agreement provides:

**TERM OF AGREEMENT.** The term of this Agreement is January 1, 2023 through December 31, 2023, unless either party gives the other written notice of termination at least thirty (30) days prior to the end of the then current term.

11. Neither of the Parties gave notice of termination, and the continued course of performance of both exhibited the intent to continue performance under the Agreement into 2025.

12. Paragraph 2 of the Agreement provides, in part:

**SELLER'S TERMS PREVAIL.** THE PURCHASE OF SELLER'S GOODS IS EXPRESSLY CONDITIONED ON DISTRIBUTOR'S ASSENT TO THIS AGREEMENT. ANY ADDITIONAL AND/OR DIFFERENT TERMS AND CONDITIONS ARE HEREBY EXPRESSLY REJECTED.

13. Paragraph 5 of the Agreement provides, in part:

**PAYMENT.** TIME IS OF THE ESSENCE for Distributor to pay Seller for the goods. ***In the event Distributor fails to make timely payment on one or more of Seller's invoices, Seller shall have the right to accelerate all outstanding payments Distributor owes to Seller*** and make such payments immediately due and payable, regardless of payment terms.

(emphasis added).

14. Paragraph 6 of the Agreement provides, in part:

**PURCHASE MONEY SECURITY INTEREST.** To secure the performance of its obligations hereunder, ***Distributor hereby grants to Seller a security interest in all of its inventory of goods purchased hereunder for which Seller has not received payment*** pursuant to Section 6 hereof ("Secured Inventory"). Distributor warrants that all Secured Inventory will be owed by Distributor free of all other liens, security interests, and encumbrances that are prior to that of Seller. . . . Except for sales made in the regular court of business, Distributor shall not sell, encumber or dispose of or permit the sale, encumbrance or disposal of any Secured Inventory of goods without the prior written consent of Seller. In the event that Distributor sells Secured Inventory in the regular course of business, Distributor shall identify other inventory of value equal to that of the sold Secured Inventory as collateral for the security interest, which inventory then will be treated as Secured Inventory under this Paragraph 6.

(emphasis added).

15. Paragraph 19 of the Agreement provides, in part:

**TERMINATION.** . . . [T]ermination or expiration of this Agreement shall not release, limit or affect any rights, remedies or obligation of any party, including but not limited to payment obligations, accruing or arising prior to expiration or termination.

16. Between approximately October 2024 and March 2025, Big Rock submitted numerous purchase orders to Plaintiff for fishing products and accessories (the "Goods").

17. Plaintiff delivered the Goods to Big Rock as requested by the purchase orders and subject to the terms of the Parties' Agreement.

18. Big Rock accepted and took possession of the Goods.

19. Plaintiff timely submitted invoices to Big Rock for payment for the Goods.

20. Big Rock failed to make timely payments on one or more of Plaintiff's invoices.

21. As of the date of this filing, the unpaid balance owed by Big Rock to Plaintiff for the Goods is at least $3,850,925.06 (the "Outstanding Debt").

22. Pursuant to Paragraph 5 of the Agreement, for Big Rock's failure to make timely

3

payment on one or more of Plaintiff's invoices, the full amount of the Outstanding Debt is immediately due and payable to Plaintiff.

23. As of the date of filing this Complaint, Big Rock possesses unsold inventory from Plaintiff valued at approximately $1.3 million at wholesale (the "Unsold Inventory").

24. Big Rock has not paid Plaintiff the invoiced price for the Unsold Inventory.

25. Pursuant to Paragraph 6 of the Agreement, Big Rock granted Plaintiff a purchase money security interest in the Unsold Inventory.

26. On information and belief, Big Rock is engaged in efforts to liquidate its inventory and has made and continues to make sales of the Unsold Inventory at unreasonably low prices incommensurate with the value of the Unsold Inventory.

27. Plaintiff made written demand for immediate payment of the Outstanding Debt; the immediate cessation of all sales of Unsold Inventory; and the immediate return of all Unsold Inventory in Big Rock's possession.

28. As of the date of this filing, Big Rock has not responded to nor complied with Plaintiff's demands.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

29. Plaintiff incorporates all allegations in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. The Parties entered into the Agreement, which consisted of an offer and acceptance supported by consideration.

31. The Agreement remained in full force when Big Rock purchased the Goods.

32. The Agreement is a valid and binding contract.

33. Plaintiff fully performed its obligations under the Agreement, including by delivering the Goods to Big Rock.

34. Big Rock breached the Agreement by failing to timely pay Plaintiff at least $3,850,925.06, which reflects the outstanding amount for the Goods purchased by Big Rock.

35. Big Rock's outstanding debt of $3,850,925.06 is immediately due and payable to Plaintiff.

36. Although Plaintiff provided written notice of this breach to Big Rock, Big Rock has failed to cure it.

37. As a direct and proximate result of Big Rock's breach, Plaintiff has suffered monetary damages of at least $3,850,925.06.

**FOR A SECOND CAUSE OF ACTION**
**(Claim and Delivery)**

38. Plaintiff expressly incorporates all allegations in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

39. Plaintiff owns a purchase money security interest in the Unsold Inventory.

40. The Unsold Inventory is "personal property" as defined in S.C. Code § 15-1-40.

41. Pursuant to S.C. Code § 36-9-609(a)-(b), after a debtor's default, a secured party "may take possession of the collateral . . . pursuant to judicial process."

42. Big Rock is in default of the Parties' Agreement.

43. Plaintiff has the right to immediate possession of the Unsold Inventory.

44. Big Rock has refused to return the Unsold Inventory to Plaintiff despite Plaintiff's written demand.

45. Big Rock's liquidation of the Unsold Inventory by selling it at unreasonably low prices incommensurate with its value will prevent Big Rock from paying to Plaintiff all or part of the Outstanding Debt, injuring Plaintiff.

46. Plaintiff is in danger of losing its interest in its collateral unless the Unsold Inventory is taken out of Big Rock's possession or otherwise secured.

47. Plaintiff is entitled to an order from the Court granting Plaintiff immediate possession of the Unsold Inventory and damages against Big Rock for its unlawful retention.

48. Plaintiff will file an affidavit in support of this cause of action pursuant to S.C. § 22-3-1320.

## FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment)

49. Plaintiff incorporates all allegations in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

50. Plaintiff provided Goods of real and substantial value to Big Rock by fulfilling its purchase orders placed between approximately October 2024 and March 2025, including by delivering to Big Rock fishing products and accessories valued at not less than $3,850,925.06.

51. Plaintiff fulfilled Big Rock's purchase orders and delivered possession of the Goods only on Big Rock's promise to pay the purchase price of the Goods.

52. Big Rock has benefited from possession of the Goods by adding them to its inventory, selling them to retail customers, and pocketing the proceeds.

53. Big Rock has been unjustly enriched by the Goods it has retained, transferred, or sold.

54. Big Rock has been unjustly enriched at the expense of Plaintiff.

55. Big Rock's retention, transfer, or sale of the Goods obtained at Plaintiff's expense is inequitable and unjust.

56. As a result of the unjust benefit rendered to Big Rock, Plaintiff has been damaged in an amount of not less than $3,850,925.06.

## **FURTHER RELIEF SOUGHT**

WHEREFORE, based on the foregoing, Plaintiff Pure Fishing, Inc. respectfully requests that the Court enter judgment in its favor and grant it the following relief:

A. Award Plaintiff an amount no less than $3,850,925.06, with the exact amount to be determined at trial, without limitation, for Big Rock's breach of contract and/or unjust enrichment;

B. Entry of a writ of replevin allowing Plaintiff to recover the Unsold Inventory in Big Rock's possession, custody, or control;

C. In the alternative, entry of a preliminary injunction against Big Rock enjoining it from selling, transferring, or otherwise disposing of the Unsold Inventory until its title and possession can be fully litigated and determined at final judgment;

D. Award Plaintiff pre- and post-award interest at the rate allowed by law and the Parties' agreements until all outstanding amounts are paid in full; and

E. For such other and further relief as the Court deems just.

Respectfully submitted,

**CASSIDY COATES PRICE, P.A.**

<u>*s/ Fred W. "Trey" Suggs III*</u>
Fred W. "Trey" Suggs III (Federal ID No. 9015)
P.O. Box 10529
Greenville, SC  29603
tsuggs@cassidycoates.com
Phone:  864-349-2600
Fax:  864-349-0303

**Attorney for Plaintiff**